UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Lindsay Sanders, #357370, <br> *a.k.a.* James Sanders, <br> *a.k.a.* James Lawson Lindsay, <br><br>         Petitioner, <br><br> vs. <br><br> U. S. Parole Commission; and <br> North Carolina Department of Corrections, <br><br>         Respondents. | ) C/A No. 8:06-2721-JFA-BHH <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

  Petitioner has filed this matter pursuant to 28 U.S.C. § 2241. The petitioner is a federal parolee who was arrested, convicted, and sentenced on domestic charges in North Carolina. He is currently serving the (North Carolina) state sentence. A federal detainer has been filed for his parole violation. The petitioner alleges he should be in federal custody instead of state custody stating "the government allowing the state to take precedent over their jurisdiction." The petitioner maintains the federal detainer is effecting his custody classification, prohibiting him from obtaining a minimum custody status, home passes, and work release. Petitioner seeks various forms of relief. He first asks that his federal parole be reinstated, or in the alternative, that his federal sentence should be discontinued. He also asks that the federal detainer be "removed". Finally, he asks that he be "released" from his state sentence.

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340,

112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).  This court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387,  (4th Cir. 1990).

It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief.  *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c); and  Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, Carafas v. La Vallee, 391 U.S. 234, 238 (1968).  The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court.  Carafas v. Vallee, supra.  In the instant case, petitioner is not currently in federal custody.  As such, his requested relief, seeking the "reinstatement" of his federal parole, or in the alternative, the "discontinuance" of his federal sentence or the "removal" of his detainer, must be denied.

With respect to petitioner's state conviction and sentence, the petitioner's sole federal remedy

is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies.  *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241).  Although the petitioner filed a direct appeal, he alleges the appeal is still pending.  After a decision is rendered by the North Carolina Court of Appeals, the petitioner should file an application for post-conviction relief in North Carolina, and appeal the denial of any application for post-conviction relief to the highest North Carolina state court having jurisdiction over the matter.  Petitioner would then be free to file a writ of habeas corpus attacking his North Carolina conviction in a North Carolina federal court.

The problem the petitioner faces is one that he himself created: he will not be tried on his federal parole violation until he is handed over to federal authorities by the North Carolina Department of Corrections.

Closely on point are the many cases relating to prisoners who have escaped from one jurisdiction and were subsequently convicted and imprisoned for unrelated crimes in another jurisdiction.  For example, several prisoners who have escaped from prisons or jails in South Carolina in the past have asked this court to make collateral reviews of their convictions under 28 U.S.C. § 2254 even though they, by escaping and committing crimes in other jurisdictions (state and federal), have made it impossible for the courts of South Carolina to review their alleged claims for federal relief, and thereby satisfy the exhaustion requirement now embedded in the federal habeas corpus statute, 28 U.S.C. § 2254(b).  *See*, *e.g.*, Fowler v. Leeke, 509 F. Supp. 544, 545-546, 61 A.L.R.Fed. 924 (D.S.C. 1979), *certificate of probable cause denied and appeal dismissed*, 644 F.2d 878 (4th Cir. 1981)[Table].  *Cf*. Lanier v. United States, 123 F.3d 945, 946 (6th Cir.1997)("Pursuant to this doctrine of fugitive

disentitlement, we have dismissed the direct appeals of defendants who have fled the jurisdiction during an appeal and remained at large."), *cert. denied*, 140 L.Ed.2d 329, 118 S.Ct. 1200 (1998).

The United States Court of Appeals for the Fourth Circuit has also addressed similar issues. *See* Whittlesey v. Circuit Court for Baltimore County, 897 F.2d 143 (4th Cir.), *cert. denied*, 498 U.S. 922 (1990). In Whittlesey, the Court, when addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, pointed out that the doors of the courts of Maryland were open for the petitioner, and that his inability to enter through those doors until completion of his Florida sentence was the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida:

> Here, Whittlesey cannot expect the federal courts to rescue him from the consequences of his escape and subsequent commission of crimes. Whittlesey maintains there are no state remedies available to him; however, this simply is not the case. The doors of the Maryland state courts stand open for him to present his complaints; that he is unable to enter through those doors until completion of his Florida sentence is the price he must pay for having escaped from the Maryland prison and committed offenses in Florida. It is his own criminal misconduct which has denied the Maryland courts the opportunity to hold a hearing, develop a record, and thereby address his claims on the merits. We will not command the district court to review his habeas petition when his own unlawful acts have prevented the state courts from reviewing his claims.

Whittlesey v. Circuit Court for Baltimore County, *supra*, 897 F.2d at 145 (footnote omitted). In short, the petitioner's inability to address his federal parole violation is the consequence of the domestic crimes he committed while on parole. Under Whittlesey v. Circuit Court for Baltimore County, *supra*, the relief that the petitioner in the above-captioned case is actually seeking — federal habeas corpus relief — should not be granted.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be

dismissed *without prejudice* and without requiring the respondents to file a return. See <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); <u>Baker v. Marshall</u>, 1995 WL 150451(N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

                                                                                     s/Bruce H. Hendricks
                                                                                     United States Magistrate Judge

Greenville, South Carolina
October 25, 2006

***The petitioner's attention is directed to the important notice on the next page.***

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* <u>Wright v. Collins</u>, *supra*; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina  29603
