IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| James Lindsay Sanders, #357370, | ) | C/A No.   8:06-2721-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER DENYING § 2241 PETITION** |
| | ) | |
| | ) | |
| United States Parole Commission; and | ) | |
| North Carolina Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  At the time of his arrest, conviction, and sentence on domestic criminal charges in the state of North Carolina, the petitioner was a federal parolee.  As a result of the state charges while on federal parole, the United States Marshal placed a federal detainer on the petitioner.[1]  The petitioner now seeks a reinstatement of his federal parole or removal of the detainer and release from his state sentence.

The Magistrate Judge has filed a detailed and comprehensive Report and Recommendation suggesting that the § 2241 petition should be denied, and this matter dismissed without prejudice.  The Report adequately summarizes the facts of this matter and such will not be repeated herein.

As the Magistrate Judge correctly notes, the petitioner is not in "federal custody;" rather, he is in the custody of the North Carolina Department of Corrections for domestic crimes committed while he was a federal parolee.  Thus, petitioner's only remedy in this court is a writ of habeas corpus under 28 U.S.C. § 2254, not a petition under § 2241.  Petitioner cannot further pursue remedies in this court under § 2254 until he has exhausted his state remedies.

Within the time prescribed by the Local Rules for this District, the petitioner filed objections to the Report and Recommendation.  Essentially, the petitioner asserts that he remains under federal jurisdiction until May 2008, presumably when the probation term of his federal sentence is completed.  He asserts that he is illegally confined in the NC

---

[1] The petitioner asserts that he was convicted and sentenced in 1988 in this district to a term of 21 years.

2

Department of Corrections and that as a result of the federal detainer, he was unable to make bail from his "illegal" state charge.

As the Magistrate Judge correctly opines, the petitioner's inability to address his federal parole violation is the consequence of the domestic crimes he committed while on federal parole. Until he completes his sentence with the NC Department of Corrections, he cannot be tried on his federal parole violation.

The court has carefully considered the petitioner's objections, conducted the required *de novo* review, and has determined that the Magistrate Judge's recommended disposition is appropriate.

Accordingly, the petition under 28 U.S.C. § 2241 is denied without prejudice and without issuance and service of process. Finally, petitioner's motion for appointment of counsel is denied.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

December 18, 2006
Columbia, South Carolina